IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: BRYANTIONETTE CUNNINGHAM, Debtor  No. 5:16-bk-71525
  Ch. 7

BRYANTIONETTE CUNNINGHAM  PLAINTIFF

v.  5:16-ap-7070

SPORTS AND IMPORTS, LLC et al.  DEFENDANTS

MEMORANDUM OPINION AND ORDER
DISMISSING ADVERSARY PROCEEDING

Before the Court is the debtor's *Complaint Seeking Damages in Core Adversary Proceeding For Violation of the Automatic Stay, and Related Claims*, filed on October 5, 2016, and the defendants' answer filed on November 2, 2016. The Court scheduled a trial on the merits on July 31, 2017. However, upon further consideration by the Court, the Court finds that debtor cannot proceed with her complaint for violation of the automatic stay as a matter of law, leaving the Court without jurisdiction to hear the related state court claims alleged against the defendants. Accordingly, for the reasons stated below, the Court dismisses the debtor's complaint against the defendants for violation of the automatic stay and abstains from hearing the related state court matters under 28 U.S.C. § 1334(c)(1).

**History of the Case**

According to the debtor's complaint, in 2016, prior to filing her bankruptcy petition, the defendants repossessed the debtor's vehicle because she had missed a payment. On June 27, 2016, two days after the vehicle was repossessed, the debtor filed her voluntary pro se chapter 13 petition and requested the return of her vehicle, which the defendants refused to do.

On page 5 of the debtor's petition (Part 5, line 15), the debtor stated that she was not required to receive credit counseling as required under 11 U.S.C. § 109(h) because of a disability that made her unable to participate in a briefing in person, by phone, or through the internet after a reasonable attempt to try to do so.  Part 5 also includes the following statement: "If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court."  The debtor never filed a motion for waiver of credit counseling with the Court.

When the debtor filed her petition, she did not include all of the required schedules.  On July 6, 2016, after the debtor failed to respond to the Court's *Order of Deficiencies* dated June 28, 2016, the Court dismissed the debtor's case.  On that same day, the debtor filed a letter motion to reinstate her case, which the Court granted on August 24, 2016.  On September 12, 2016, counsel for the debtor entered his appearance in the case and on September 14, 2016, the debtor filed her application to employ her counsel to pursue the adversary proceeding presently before the Court.  The Court granted the application on September 29, 2016, and on October 5, 2016, the debtor filed her adversary proceeding, which the defendants answered on November 2, 2016.

On December 1, 2016, the Court issued its order to show cause why the debtor's case should not be dismissed for failure to file a motion for waiver of credit counseling and scheduled a hearing on the show cause for January 11, 2017.  On January 1, 2017, the debtor completed her credit counseling and on January 3, 2017, filed her Certificate of Counseling with the Court.  On January 10, 2017, the debtor converted her case to a case under chapter 7.  At the hearing on January 11, counsel for the debtor requested a continuance so that he could attempt to locate precedential support to allow the case to proceed in spite of the late-obtained credit counseling.  The Court continued the hearing for one month, until February 8, 2017.

At the hearing on February 8, 2017, counsel for the debtor advised the Court that he was

unable to find any cases in support of his argument that exigent circumstances may, in some instances, allow a case to proceed even after a six-month delay in obtaining credit counseling.  Counsel did argue, however, that even if the Court dismissed the case, he believed the Court could retain jurisdiction over the adversary proceeding.  The Court agreed that, generally, an alleged violation of the automatic stay does not go away just because the underlying bankruptcy case is dismissed.  In its order dismissing the case, the Court retained jurisdiction over the adversary proceeding and scheduled it for trial.

**Analysis**

Although the Court retained jurisdiction over the debtor's complaint related to the alleged violation of the stay even though the underlying case has been dismissed, dismissal of the underlying case because the debtor was not eligible to be a debtor in the first place presents an additional element for consideration of the Court's retention of jurisdiction.  The legal issues before the Court are (1) whether a putative debtor is entitled to the protection of the automatic stay if it is later determined that such debtor was not eligible to be a debtor under § 109(h) and (2), if the stay does go into effect, should any action that is taken in violation of the stay be annulled after the Court determines that the debtor was not an eligible debtor under § 109(h).

The answer requires a brief review of three specific sections of the code: §§ 109(h), 301(a), and 362(a).  Section 109(h) states that an individual may not be a debtor under title 11 unless the individual has received credit counseling during the 180-day period that precedes the filing of the petition.  The section also provides for a few limited exceptions that would allow for credit counseling to be obtained within 30 days from the date the petition was filed or to be waived altogether.  In this instance, the debtor did not receive the required credit counseling until approximately six months after she filed her petition and the Court did not find that she was eligible for any of the exceptions to the requirement.  Even though the debtor filed her voluntary petition on June 27, 2016, she ultimately was not eligible to be a debtor and the case was dismissed because she did not

meet the requirements found under § 109(h).

Section 301(a) states that a voluntary case is commenced by the filing of a petition by an entity that may be a debtor under the respective chapter. The debtor filed her petition on June 27, 2016, and, at that time, purported to be an eligible debtor because she certified that she was not required to receive credit counseling under § 109(h) on account of a disability that made her unable to participate in a briefing in person, by phone, or through the internet. Despite her later failure to file a motion for the Court to waive the credit counseling requirement, at the time she filed her voluntary petition she represented to the Court that she was an eligible debtor and the Court finds that her voluntary case was commenced. *But see In re Hubbard*, 333 B.R. 377, 388 (Bankr. W.D. Mich. 2005) (without credit counseling, debtors were ineligible to file bankruptcy and no "case" was commenced).

Finally, § 362 states that "a petition filed under section 301 . . . operates as a stay, applicable to all entities." 11 U.S.C. § 362(a). However, as stated above, § 301 provides that a case is commenced by the filing of a petition by an entity that "may be a debtor." Here, the Court ultimately found that the putative debtor was not an entity that may be a debtor. The question before the Court, then, is whether the petition she filed on June 27, 2016, which the Court finds commenced her case, triggered the § 362(a) automatic stay when the Court later found the debtor to not be an eligible debtor. Courts that have addressed this pedantic question do not agree on an answer. Some courts are reluctant to allow an ineligible person to receive the benefits of an automatic stay. According to one court,

> [i]t is implausible to believe that Congress specifically identified people to exclude from the bankruptcy process, yet permitted those same people to benefit from bankruptcy's most powerful protection: the automatic stay. Both logic and the statute dictate that no automatic stay arises on the filing of a petition by an ineligible person."

*In re Salazar*, 339 B.R. 622, 624 (Bankr. S.D. Tex. 2006). On the other hand, other

courts find that the automatic stay is triggered even if the court later finds that the debtor was not eligible under § 109(h). *See, e.g., In re Thompson*, 344 B.R. 899, 906-07 (Bankr. S.D. Ind. 2006), subsequently vacated as moot, 249 F. App'x 475 (7th Cir. 2007) (holding that petitions filed by ineligible debtors are *not* void *ab initio* and do trigger the imposition of the automatic stay, which remains in effect until the stay is later modified or the proceeding is closed). For the reasons stated below, this Court agrees with the courts that find that the automatic stay is triggered upon the filing of a petition even if the court later finds that the debtor was not an eligible debtor under § 109.

Because it is possible for a debtor to file a voluntary petition without first obtaining credit counseling–based on either exigent circumstances or eligibility for a waiver–the Court holds that the automatic stay under § 362 goes into effect upon the filing of the petition, regardless of whether the debtor is later determined to be ineligible to be a debtor under § 109(h). By so holding, the Court eliminates the possible confusion that creditors may have in determining whether they are stayed from proceeding in the absence of a filed credit counseling certificate or the anxiety that putative debtors may have waiting for the court to determine whether the debtor's alleged "exigent circumstances" are truly exigent or whether the debtor is entitled to a waiver of the requirement. However, in so holding, the Court also recognizes the need to address what happens when the stay is allegedly violated but the debtor is later found to have not been eligible to be a debtor when the petition was filed. Such is the situation in the case before the Court.

Although not in agreement with its result, the Court is in harmony with the *Salazar* court's concern about permitting putative debtors to "benefit from bankruptcy's most powerful protection" when they are later found not have not been eligible to file a petition under title 11 in the first place. The code provides a remedy to this incongruous result: annulment of the automatic stay under § 362(d). The Eighth Circuit Court of Appeals has found that "[b]ankruptcy courts have the power to annul an automatic stay retroactively for cause pursuant to 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations."

*Bunch v. Hoffinger Indus.* (*In re Hoffinger Indus.*), 329 F.3d 948, 951-52 (8th Cir. 2003). Under § 105(a), a court has the power to issue any order that is appropriate to carry out the provisions of title 11 and prevent an abuse of process. 11 U.S.C. § 105(a); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n.14 (2010) (recognizing that courts have the discretion "to raise on their own initiative certain nonjurisdictional barriers to suit"). In this instance, the Court finds that allowing an individual that was not eligible to be a debtor under title 11 allege and pursue a violation of the automatic stay, which would not have been in effect absent the filing of the debtor's petition, would be an abuse of process. Accordingly, the Court orders the retroactive annulment of the stay in the debtor's case to the date the putative debtor's petition was filed.

**Conclusion**

With the automatic stay annulled to the date of the debtor's petition, the Court finds there was no violation of the stay as alleged in the debtor's complaint and dismisses that cause of action. The remaining claims the debtor has alleged against the defendants related to causes of action found under state law: violation of the Arkansas Deceptive Trade Practices Act and failure to use reasonable care to protect the creditor's collateral upon repossession in accord with the Arkansas Uniform Commercial Code. Because there is no bankruptcy case pending, the Court is without jurisdiction to hear the remaining claims. Therefore, the Court abstains from hearing the related state court matters under 28 U.S.C. § 1334(c)(1).

For the above reasons, the Court dismisses the debtor's complaint; the debtor may proceed in state court with her remaining causes of action if she chooses to do so.

IT IS SO ORDERED.

                                                                       */s/ Ben Barry*
Ben Barry
United States Bankruptcy Judge
Dated: 07/27/2017

cc:    Todd F. Hertzberg
        Rex W. Chronister
        Andrew Flake
        U.S. Trustee